JAMES BOOTH'S Ex'r. *vs.* DICKINSON WEBSTER, Administrator of LEWIS ALFREY, deceased.

Though mere inadequacy of price is not sufficient to avoid a sheriff's sale of land, any irregularity connected with it will be regarded as causing the sacrifice of the property, and the court will set the sale aside.

A sale made by the sheriff under circumstances inducing public belief that there would be no sale; and the property sold to the sheriff's son, as a secret bidder, at a sacrifice, though there had been a previous attempt to sell, and though the sale was now conducted fairly and in good faith, was set aside for irregularity.

RULE to show cause why the sale of defendant's land should not be set aside.

A farm of Lewis Alfrey was sold by the sheriff on judgment and execution for $590. It was the second attempt at a sale; there being no bids on the first trial, and but few bidders on the second, there being an impression that the administrator of Alfrey would arrange with the plaintiff, who was known to be inclined to grant every indulgence, to prevent the sale. It went on, however, and was conducted fairly; though the sheriff's son, who was a secret bidder, became the purchaser at a very inadequate price. The sheriff announced the fact that he had brought bids with him, and gave full opportunity for competition. Yet there were persons present who were willing to give, and would have given $2,500 for the property, but for the impression that the administrator would be able to prevent a sale.

The question was whether, upon these facts, the court would confirm the sale.

*By the Court:*—The mere inadequacy of price is not a sufficient ground for setting aside a sale of land, but the court will lay hold of any irregularity to set the sale aside in case of gross inadequacy. There is enough in this case to warrant this; and the property did not sell for one-fourth its value. It is the impolicy of allowing a sheriff to sell to his son as a *secret* bidder.

It is conceded that the sheriff cannot sell land to himself; not because he is prohibited by any law, but from the danger of fraud. The buyer and the seller cannot be the same person; not because they have opposing interests, but because in case of a sheriff there is no mode of fixing the responsibility of the bidder as other bidders are fixed. If he makes a bid secretly for his son, and it turns out a bad purchase, there is nothing by which he can be made to return it sold. In addition, the near relationship between them brings the

transaction into suspicion, and the danger of abuse, which we do not impute in this case in fact, but as a matter of dangerous precedent which ought to be avoided.

Rule absolute.

*Whiteley*, for defendant.
*Gray* and *Bayard*, for the purchaser.